THOMAS A. GRECO      SBN73625
GLEN R. SEGAL        SBN126316
TURNER, REYNOLDS, GRECO & O'HARA
16485 Laguna Canyon Road, Suite 250
Irvine, CA 92618
Telephone:  (949) 474-6900
Facsimile:  (949) 474-6907
E-Mail:     tgreco@trlawyers.com

**Attorneys for** Plaintiffs AMERICAN CUSTOM GOLF CARS, INC. and REINIER HOOGENRAAD

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CUSTOM GOLF CARS, INC, a California corporation, and REINIER HOOGENRAAD, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MARSHELL INTERNATIONAL, INC., a California corporation, SHENZHEN MARSHELL GREEN POWER CO., LTD., a Chinese corporation doing business in California; DONG LI, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **PATENT INFRINGEMENT**<br>2. **FALSE DESIGNATION OF ORIGIN**<br>3. **TRADEMARK INFRINGEMENT**<br>4. **UNFAIR COMPETITION**<br>5. **TRADEMARK DILUTION**<br>6. **UNFAIR BUSINESS PRACTICES**<br>7. **BREACH OF CONTRACT** |

Plaintiffs, AMERICAN CUSTOM GOLF CARS, INC., a California corporation ("ACGC") and REINIER HOOGENRAAD, an individual ("HOOGENRAAD") for their complaint against MARSHELL INTERNATIONAL, INC. ("MARSHELL"); SHENZHEN MARSHELL GREEN POWER CO., LTD., a Chinese corporation ("SMGP") and DON LI ("LI"), allege as follows.

///

///

///

## JURISDICTION AND VENUE

1.  This is a claim for patent infringement arising under the United States Patent Act of 1952, as amended, 35 U.S.C. §271 et seq., and for related causes. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), and the Doctrine of Pendent Jurisdiction.

2.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) in that the individual Defendant is a resident of this District and the corporate defendants have an office in this District.

## THE PARTIES

3.  Plaintiff ACGC is a California corporation with its principal office and place of business in Chino, California. Plaintiff REINIER HOOGENRAAD is an individual domiciled in Chino, California. HOOGENRAAD and ACGC are collectively referred to herein as the Plaintiffs.

4.  Defendant MARSHELL INTERNATIONAL, INC. is a California corporation with a principal office and place of business within this District.

5.  Defendant SHENZHEN MARSHELL GREEN POWER CO, LTD. is Chinese Corporation doing business within this judicial district.

6.  Plaintiffs are informed and believe, and thereupon allege, that Defendant SMGP is a Chinese corporation, with a place of business within this District, and actively conducting business in this District.

7.  Plaintiffs are informed and believe, and thereupon allege, that Defendant DONG LI resides in Cota De Caza in Orange County, California, a location within this District.

Plaintiffs are informed and believe that Defendants MARSHELL and SMGP are wholly owned and controlled by Defendant LI such that the actions of either corporation are also the actions of Defendant LI.

## ALLEGATIONS FOR ALL CLAIMS OF RELIEF

8. Prior to the acts complained of herein, ACGC has been engaged in designing, manufacturing and selling distinctive golf cars, which are marketed and sold throughout the World.

9. Plaintiffs are the registrant and owner of record of United States Patent No. D442517S, which design patent has been duly registered in the United States Patent and Trademark Office for "ornamental designs for golf carts" (Patent No. US D442517S issued May 22, 2001). The golf car depicted in the design patent is sold by Plaintiff under the name "California Roadster." A copy of this patent is attached hereto as Exhibit "1."

10. Among the other models of golf cars which ACGC has designed, manufactured and sold, have been the California Roadster Limosine and Hummer H3. The Hummer H3 is manufactured and sold under license from General Motors Corporation.

11. ACGC has manufactured the California Roadster model golf car since 2000, and during the years 2000 through 2013, over 8,500 cars were shipped to the United States from ACGC's manufacturing facility in China. The California Roadster golf car continues to be manufactured by ACGC and marketed and sold throughout the world.

12. The appearance of the California Roadster golf car is inherently distinctive. Plaintiffs are the owner and registrant of the mark "California Roadsters" United States Patent and Trademark application #78926863 (the "Trademark").

13.     Prior to the acts of Defendants complained of in this Complaint, Plaintiffs' California Roadster has become and now is widely known and recognized by its distinctive appearance, which distinctive appearance is closely associated with said golf car as a means by which it is known and its source or origin is identified.

14.     By reason of the matters aforesaid, the appearance and name of Plaintiffs' golf car has become and now is Plaintiffs' Trademark.

15.     Prior to the acts of Defendants complained of in this Complaint, Plaintiffs have used the mark California Roadster in connection with the promotion, advertising, offering for sale, and sale of its California Roadster model golf car.

16.     Plaintiffs are informed and believes, and thereupon alleges, that, notwithstanding Plaintiffs' well-known and prior use of and rights in the distinctive appearance of its California Roadster golf car, with actual knowledge of Plaintiffs' rights, Defendants, and each of them, have engaged in the advertising, offering for sale and sale of a "new model classic" electric golf carts, Models DN-4D and DN-6D, confusingly similar to Plaintiffs' California Roadster.

17.     Defendants' models DN-4D , DN-6D and Electric Antique Car (six seater), are each likely to be mistaken for or confused with Plaintiffs' California Roadster. Defendants' use of the distinctive appearance of Plaintiffs' California Roadster is likely to create the erroneous impression that Defendants' Catalina models originated with Plaintiffs, are endorsed by Plaintiffs, are sponsored by Plaintiffs, and/or are connected in some way with Plaintiffs.

18.     ACGC is informed and believes, and thereupon alleges, that Defendants' DN-4D, DN-6-D, and Electric Antique Car Six Seater (collectively "Defendants Models") are designed, manufactured, displayed, sold and used with the intent to benefit from ACGC's

reputation in its California Roadster; to deceive the public as to the source of origin of the Defendants' Models; and to profit from the demand created by ACGC for its California Roadster.

19. ACGC is informed and believes, and thereupon alleges, that the presence of Defendants' Models in the marketplace damages the value of ACGC's exclusive rights in the appearance of its golf car. The presence of the Catalina Cruiser in the marketplace is likely to diminish the apparent exclusivity of the appearance of the genuine California Roadster.

20. Defendants have received written notice of Plaintiffs' proprietary rights in the appearance of its California roadster. Despite said knowledge, Defendants have continued to infringe Plaintiff's rights. On information and belief, such infringement by Defendants is willful and wanton.

21. On or about January, 2007, Plaintiffs and Defendant LI, individually and on behalf of Defendant MARSHELL, entered into a written Confidentiality Agreement with Plaintiffs, whereby Defendants agreed to keep all information related to the California Roadster confidential. Plantiffs and Defendants were in discussions for the production of a "Boomerang" hybrid powered golf cart, utulizing the California Roadster design and a hybrid electric and gas powered system. Pursuant to the signed Confidentiality Agreement, Plaintiffs supplied Defendants with a sample California Roadster, as well as a sample Hummer H-3 Golf Car. The Hummer H-3 is manufactured and sold by Plaintiffs under license from General Motors Corporation.

22. The California Roadster and Hummer H-3 were provided to Defendants solely for the purpose of estimating the cost for new tooling for SMPB to manufacture golf carts for Plaintiffs in large scale form, to sell to the emerging global low speed vehicles market.

23. On or about January, 2013, Defendants, and each of them, breached the Confidentiality Agreement by refusing to return the sample vehicles provided to Defendants and by manufacturing and selling vehicles utilizing the confidential property information provided by Plaintiffs.

24. Defendants have manufactured and sold an unknown number of golf carts utilizing Plaintiffs' confidential information at an ecomonic cost in lost sales to Plaintiffs in an amount to be provided at trial.

## FIRST CLAIM FOR RELIEF

25. Plaintiffs hereby incorporate by reference paragraphs 1 through 23, inclusive, of this Complaint as if fully set forth and alleged at this point.

26. This is an action for patent infringement, trademark infringement, unfair competition, false designation of origin of goods, and false description or representation of goods, and arises under 15 U.S.C. 1125(a), 35 U.S.C. §271 et. seq. and California Civil Code §980.

27. ACGC is informed and believes and thereupon alleges that Defendants' simulation of the appearance and trade dress of ACGC's California Roadster golf car constitutes a false designation of origin, a false description representation of goods, and wrongfully and falsely represents to the consuming public that Defendant's Models originated from or are endorsed by Plaintiffs or sponsored by Plaintiffs or connected in some way with Plaintiffs. These acts amount to using a false designation of origin and a false description or representation in interstate commerce to compete unfairly with ACGC and HOOGENRAAD.

28. ACGC is informed and believes, and thereupon alleges, that the actions of Defendants were done willfully, knowingly and maliciously with the intent to trade upon the

goodwill of ACGC and to injure ACGC and HOOGENRAAD.

29. The Defendants' acts are in violation of 35 U.S.C. §271 and 15 U.S.C. §1125(a), and have damaged Plaintiffs and will, unless restrained, further impair, if not destroy, Plaintiffs' trademarks and goodwill and Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

30. Plaintiffs hereby incorporate by reference paragraphs 1 through 29, inclusive, of this Complaint as if fully set forth and alleged at this point.

31. This is an action for patent infringement and arises under 35 U.S.C. §271 and under California Civil Code §981(b).

32. Defendants' design, manufacture, sale and use of the Models DN-4D and DN-6D complained of herein constitutes infringement of Plaintiffs' registered design, Patent No. U.S. D442517S.

33. The conduct of Defendants as herein averred has damaged Plaintiffs and will, unless restrained, further impair, if not destroy, the value of Plaintiffs' patent and goodwill and Plaintiffs have no adequate remedy at law.

34.

## THIRD CLAIM FOR RELIEF

35. Plaintiffs hereby incorporates by reference paragraphs 1 through 33, inclusive, of this Complaint as if fully set forth and alleged at this point.

36. This is an action for breach of contract and common law unfair competition, and arises under the statutes and common law of the State of California.

37.    By reason of the public's recognition and association of the product appearance of the ACGC model California Roadster, ACGC has acquired protectable rights in such appearance and trademark under the common law of the State of California.

38.    By reason of the breach of the written Confidentiality Agreement between Plaintiffs and Defendants, Plaintiffs are damaged by each and every sale of Defendants' Models. The presence of which would not exist but for the information and samples by Plaintiffs to Defendants, pursuant to the Confidentiality Agreement.

39.    Commencing on or about January, 2011, Defendants and each of them began using the product appearance of ACGC's California Roadster in commerce in such a manner that is likely to cause confusion, misrepresentation, or to cause mistake or to deceive the public or to cause the public to believe that the Defendants' copy of said automobile is sponsored by, approved by, affiliated with or connected with ACGC.

40.    Defendants' actions are in violation of ACGC's common law rights and constitute unfair competition, and are in breach of the Confidentiality Agreement by and between Plaintiffs and Defendants.

41.    By reason of the above actions, Plaintiffs have suffered and will continue to suffer irreparable injury to their rights and suffer substantial loss of goodwill and reputation unless and until Defendants are restrained from continuing the wrongful acts, and Plaintiffs have no adequate remedy at law.

## FOURTH CAUSE OF ACTION

42.    Plaintiffs hereby incorporate by reference paragraphs 1 through 40, inclusive, of this Complaint as if fully set forth and alleged at this point.

43. This is an action for unfair competition, and arises under California Business & Professions Code §17200 et. seq.

44. Plaintiffs are informed and believe, and thereupon allege, that Defendants' use of the product appearance of the California Roadster constitutes a false designation of origin, a false description or representation of goods, and wrongfully and falsely represents to the public that Defendants' copy of the California Roadster originated from or somehow is authorized by or associated with Plaintiffs. These acts amount to using a false designation of origin and a false description or representation to compete unfairly with Plaintiffs.

45. Plaintiffs are informed and believe, and thereupon allege, that the actions of Defendants are done willfully, knowingly, and maliciously with the intent to trade upon the goodwill of ACGC and to injure ACGC and HOOGENRAAD.

46. The Defendants' acts are in violation o California Business & Professions Code §17200, et. seq., and will continue to the great and irreparable harm of Plaintiffs unless enjoined by this Court.

## FIFTH CAUSE OF ACTION

47. Plaintiff hereby incorporates by reference paragraphs 1 through 45, inclusive, of this Complaint as if fully set forth and alleged at this point.

48. This is an action for trademark dilution, and arises under California Business & Professions Code §14330, et. seq.

49. Defendants' sales of a copy of ACGC's California Roadster are likely to injure Plaintiffs' business reputation or to dilute the distinctive quality of Plaintiffs' trademark in the

1 appearance of its automobile and its patented golf car.

3  50.  The conduct of Defendants as herein alleged has damaged Plaintiff and will, unless restrained, further impair, if not destroy, the value of Plaintiff's patent, trademark, and goodwill, and Plaintiff has no adequate remedy at law.

### SIXTH CAUSE OF ACTION

9  51.  Plaintiff hereby incorporates by reference paragraphs 1 through 49, inclusive, of this Complaint as if fully set forth and alleged at this point.

12  52.  Plaintiffs have done all things required of them to be done pursuant to the written Confidentiality Agreement by and between Plaintiffs and Defendants.

15  53.  On or about January, 2011, Defendants and each of them, breached the written Confidentiality Agreement by manufacturing, importing, exporting and selling models which are based on information provided to Defendants in confidence, pursuant to the written Confidentiality Agreement.

20  54.  Plaintiffs have been damaged in a sum subject to proof by Defendants' import, export and sale of Defendants' Models in breach of the Confidentiality Agreement.

### PRAYER

**WHEREFORE**, Plaintiff ACGC prays as follows:

27  1.  That Defendants be adjudicated to have violated the provisions of Title 15 of the United States Code §1125(a) in competing unfairly with ACGC, by using a false designation

---

751026-018
00300299.WPD; 1

10

COMPLAINT FOR PATENT INFRINGEMENT

of origin and false description or representation in the copying of the appearance and trade dress of ACGC's California Roadster golf car.

2. That Defendants be adjudicated to have infringed Plaintiff's federally registered patent No. U.S. D442517S.

3. That Defendants be adjudicated to have competed unfairly with ACGC under the common law of the State of California.

4. That Defendants be adjudicated to have violated <u>California Business & Professions Code</u> §14330 in injuring ACGC's business reputation and in diluting the distinctive quality of Plaintiff's trademark in the appearance of its California Roadster golf car.

5. That Defendant be adjudicated to have breached the written Confidentiality Agreement.

6. That Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, be enjoined and restrained from using the false designations, descriptions and representations complained of in this Complaint.

7. That Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, be enjoined and restrained from using the false designations, descriptions and representations complained of in this Complaint.

8. That Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, be enjoined and restrained from infringing Plaintiff's patent.

9. That Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, be enjoined and restrained from infringing Plaintiff's trademark in the distinctive appearance of its California Roadster golf car as complained of in this Complaint.

10. That Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, be enjoined and restrained from competing unfairly with Plaintiff as complained of in this Complaint.

11. That Defendants, their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them, be enjoined and restrained from injuring Plaintiff's business reputation or diluting the distinctive quality of Plaintiff's trademarks as complained of in this Complaint.

12. That Defendants be required to make an equitable accounting to ACGC for any and all profits derived by it by reason of the acts complained of in this Complaint and that all such profits be awarded Plaintiff pursuant to 35 U.S.C. §289.

13. That Defendants be directed to file with this Court and serve on ACGC within thirty (30) days after the service of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

14. That all labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession, custody or control of Defendants and all plates, molds, matrices and other means of making the same, which might, if used, violate the injunction herein granted, be delivered up and destroyed as the Court shall direct.

15.

16. That an award of damages by awarded to Plaintiffs pursuant to the breach of the Confidentiality Agreement.

17. That an award of three times the amount of damages found or assessed be awarded to Plaintiff pursuant to 35 U.S.C. §284.

18. That an award of reasonable costs, expenses and attorneys' fees be awarded against Defendants pursuant to 15 U.S.C. §1117(a) and 35 U.S.C. §285, and otherwise in accordance with law.

19. That ACGC have such other and further relief as the circumstances of this cause may require and that this Court may deem just and proper.

**TURNER, REYNOLDS, GRECO & O'HARA**

Dated:    By: _____
THOMAS A. GRECO
Attorneys for Plaintiffs